# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DURWIN NEAL, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 4:13CV1607 JAR |
| CITY OF ST. LOUIS, et al., | ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on its own motion. On August 20, 2013, the Court ordered plaintiff to show cause why this action should not be dismissed as untimely. Plaintiff has responded that he has been hindered because of prison life and a limited understanding of the law. After reviewing the case, the Court finds that this action must be dismissed.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the

named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action under 42 U.S.C. § 1983. Named as defendants are the City of St. Louis, the St. Louis County Police Department, and Leo Rice, who is a police officer for the City of St. Louis. Plaintiff alleges that on September 28, 2005, defendant Rice conducted a search of his home without probable cause. Plaintiff claims that he has suffered mental and emotional trauma as a result.

## Discussion

"Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." Myers v. Vogal, 960 F.2d 750, 751 (8th Cir. 1992). Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations. Sulik v. Taney County, Mo., 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). In this case, the statute

of limitations expired on about September 28, 2010. As a result, this action is barred by the limitations period unless plaintiff can demonstrate equitable tolling.

Plaintiff argues that he is entitled to equitable tolling of the limitations period. Plaintiff claims that he has been incarcerated for six years and that he has a "minimum understanding of the law." Plaintiff maintains that he possesses limited discovery materials, such as police reports, and therefore, he has been unprepared to file this case. Finally, plaintiff claims that he has been transferred several times and that he has been preoccupied with his son's legal matters.

"'Equitable tolling is appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his hands.'" Lown v. Brimeyer, 956 F.2d 780, 782 (8th Cir. 1992) (quoting Heideman v. PFL, Inc., 904 F.2d 1262, 1266 (8th Cir. 1990). In this action, equitable tolling is not warranted. The allegations in the complaint are not complex. Plaintiff alleges that a police officer conducted an unlawful search of his home. Plaintiff did not need discovery materials in order to bring such a claim in this Court. And plaintiff has not shown that the prison transfers or the other facts of prisoner life prevented him from timely filing this action. As a result, this case is barred by the limitations period.

Moreover, the complaint is silent as to whether defendant Rice is being sued in his official or individual capacity. Where a "complaint is silent about the capacity in

which [plaintiff] is suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." Egerdahl v. Hibbing Community College, 72 F.3d 615, 619 (8th Cir. 1995); Nix v. Norman, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted against Rice or the City of St. Louis.

Finally, plaintiff's claim against the St. Louis County Police Department is legally frivolous because it is not a suable entity. Ketchum v. City of West Memphis, Ark., 974 F.2d 81, 81 (8th Cir. 1992) (departments or subdivisions of local government are "not juridical entities suable as such.").

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

A separate Order of Dismissal will be filed contemporaneously.

Dated this 27th day of September, 2013.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE